UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANGELES SHAQUIRA GONZALEZ LOPEZ,

Petitioner,

v.

CHRISTOPHER CHESTNUT; SERGIO ALBARRAN; TODD LYONS; KRISTI NOEM; and PAMELA BONDI,

Respondents.

No.  1:26-cv-01747-KES-SKO (HC)

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

Doc. 4

Before the Court is petitioner Angeles Shaquira Gonzalez Lopez's motion for temporary restraining order.  Doc. 4.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion. Doc. 5.  The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing.  *Id.* Respondents state that they "do not have legal arguments to distinguish this case from prior orders issued by the Court, nor do [they] find material factual differences between this case and

1

those identified by the Court." *See* Doc. 6.  While respondents oppose the motion, they do not raise any new arguments.[1]  *See id.*[2]  They also do not object to converting the motion.  *See id.*[3]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that render it distinguishable from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

The Court ORDERS that respondents release petitioner immediately.[4]  If the government

---

[1] Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have resided in the United States without having been admitted.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)).  Respondents cite to the *Buenrostro-Mendez* decision.  Doc. 6 at 2–3.  The Court finds the analysis in *Castañon-Nava* and in the dissent in *Buenrostro-Mendez* to be more persuasive on the statutory interpretation issue.  In any event, the *Buenrostro-Mendez* decision did not address the due process claim at issue in the present case.

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeals in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), and *Carballo v. Andrews*, No. 1:25-CV00978-KES-EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025).  *See* Doc. 6 at 4–5.  Given the nature of the relief sought by petitioner, the court declines to defer a ruling on petitioner's motion for preliminary relief.  As this matter is being referred to the assigned magistrate judge for further proceedings, the magistrate judge may consider whether to hold further proceedings on the petition in abeyance.

[3] Respondents also filed a motion to dismiss certain respondents.  Doc. 7.  The Court will refer that motion to the assigned magistrate judge.

[4] Respondents argue that the appropriate remedy should be a post-deprivation § 1226(a) bond hearing, rather than immediate release.  Doc. 6 at 4.  But respondents have taken the position that petitioner is subject to mandatory detention under § 1225(b) and have not attempted to justify petitioner's detention under § 1226(a).  *See id.*  The Court declines to *sua sponte* construe petitioner's detention as one arising under § 1226(a).  *See Cartagena Hueso v. Soto*, No. 26-1455 (ZNQ), 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026) ("[The Court declines to *sua sponte* construing [petitioner's] detention as one under § 1226 . . . [because the] Government's handling of Petitioner's detention is emblematic of its approach to immigration enforcement in this state.

2

seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[5]

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus and motion to dismiss.

IT IS SO ORDERED.

Dated:   March 12, 2026

_____
UNITED STATES DISTRICT JUDGE

---

On the merits, its detentions are illegal.  The Government knows this.  Its reliance on § 1225 has been roundly rejected [by federal courts].").

[5] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.