UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELES SHAQUIRA GONZALEZ LOPEZ, (A-Number: 241-239-906)<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT; SERGIO ALBARRAN; TODD LYONS; KRISTI NOEM; and PAMELA BONDI,<br><br>Respondents. | No.  1:26-cv-01747-KES-FJS (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DENY MOTION TO DISMISS<br><br>[ECF Nos. 1, 7]<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is a former immigration detainee proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. She filed the instant petition on March 3, 2026, challenging her detention by the Department of Homeland Security. (ECF No. 1.) She filed a motion for temporary restraining order on March 4, 2026. (ECF No. 4.) On March 4, 2026, the district court issued an order directing Respondents to show cause as to whether there were any factual or legal issues in this case that distinguish it from the court's prior orders in *Crispin M.C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025). (ECF No. 5.) On March 5, 2026, Respondents filed a response as well as a motion to dismiss certain named defendants. (ECF Nos.

6, 7.) On March 11, 2026, Petitioner filed a reply to the petition. (ECF No. 8.) On March 12, 2026, the district court converted the motion for temporary restraining order into a motion for preliminary injunction. (ECF No. 9.) As Respondents had not made any new legal arguments, or identified any factual or legal issues that distinguished the case from the court's prior decisions noted above, the court granted the motion, ordered Petitioner's immediate release, and enjoined the government from re-detaining Petitioner unless it provided no less than seven (7) days' notice and held a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. (ECF No. 9.) The matter was referred to the undersigned for further proceedings.

On March 13, 2026, the court issued an order directing the parties to advise within five (5) days whether they sought to provide additional briefing on the petition. (ECF No. 10.) Over five (5) days have passed, and no party has replied, though Petitioner filed an opposition to Respondents' motion to dismiss. (ECF No. 11.) Accordingly, the court will recommend the petition be granted for the same reasons set forth by the district court in its order granting a preliminary injunction.

The district court also noted that Respondents' request, in the alternative, that the court hold the case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.). The district court stated that the undersigned could consider whether deferring a ruling on the petition is warranted pending the Ninth Circuit's decision in *Bostock*. But it is unclear whether a future panel decision in *Bostock* will resolve scenarios involving aliens, like Petitioner, whom immigration authorities previously provided authorization to work. *See* Petition ¶ 23. Accordingly, the undersigned recommends denying Respondents' request to hold the matter in abeyance.

The court's preliminary injunction contained a notice and pre-deprivation hearing requirement. (ECF No.9 at 2-3.) Once the elements of a preliminary injunction were satisfied, this restraint furthered the aim of "preserv[ing] the *status quo ante litem* pending a determination of the action on the merits." *L.A. Mem'l Coliseum Comm'n v. N.F.L.*, 634 F.3d 1197, 1200 (9th Cir. 2009), *quoted in Sierra Forest Legacy v. Rey*, 557 F.3d 1015, 1023 (9th Cir. 2009). *See also*

*Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (defining the *status quo* as "the last uncontested status which preceded the pending controversy) (internal citations and quotations omitted). Whether that provisional restraint should be incorporated in a permanent injunction warrants further analysis. A party seeking a permanent injunction must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013).

This court recommends against incorporating the notice and hearing restraint incorporated in the preliminary injunction for three reasons.

- First, a prospective permanent injunction imposing a seven-day notice requirement for this Petitioner before re-detention would necessarily require caveats. *See, e.g., Munoz-Soto v. Chestnut*, No. 26-cv-02310-KES-SKO, 2026 WL 913047, at *1 n.2 (E.D. Cal. April 2, 2026) (restraining respondent from re-detaining petitioner without a pre-deprivation hearing except when petitioner becomes subject to an executable final order of removal); *Lovedeep A. v. Warden*, 26-cv-01070-JLT-FJS, 2026 WL 947012, at *1 n.1 (E.D. Cal. April 8, 2026) (preliminarily restraining respondent from re-detention without a pre-deprivation hearing except when legally-sufficient circumstances justify arrest without notice in advance). It is unclear whether the court can currently anticipate all possible exceptions to a seven-day notice requirement that might reasonably apply to future immigration enforcement activity. A permanent restraint that is judicially created, proves unintentionally overbroad, and consequently frustrates congressionally authorized future immigration enforcement activity does a disservice to the public interest.

- Second, requiring Respondent to individually track a special notice provision that applies only to Petitioner is administratively burdensome and, as time passes and personnel changes, increasingly likely to be lost to the bureaucratic abyss. This consequence imposes an unbalanced hardship on Respondents that tips against imposition

3

of a permanent injunction.

• Third, Petitioner's motion for a TRO does not proffer evidence of future detainment. (ECF No. 1 at 2-13.) At this point, the possibility of future confinement is too speculative to justify permanent injunctive relief. *Cf. Guan v. Bondi*, No. 26-cv-192-CCB-SJF, 2026 WL 772417, at *3 (N.D. Ind. March 19, 2026).

This court is sensitive to the concern that Petitioner will be re-detained on the same grounds that this court now rejects. The court is confident Respondent will be mindful of complying with the final disposition of this petition and honoring that outcome's *res judicata* effects. *See United States v. Chung Shee*, 76 F. 951, 952-53, 956 (1896) (affirming the grant of a habeas petition to an immigrant who was arrested for re-examination about eighteen months after previously having been granted habeas relief that permitted her entry to the United States because "[s]he cannot again be lawfully arrested and held on the same facts that that were in issue in the [earlier habeas] proceeding"). Should that confidence prove to be misplaced, however, permanent injunctive relief may become appropriate.

Respondents also move to strike and dismiss all unlawfully named officials. (Doc. 7.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement— 'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. §2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir.2024). Although *Doe* held that "*Padilla* set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition," 109 F.4th at 1197, *Doe* did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has named her immediate custodian as a Respondent, the court should decline to dismiss all the remaining named Respondents.

<u>RECOMMENDATION</u>

For the foregoing reasons, the court hereby RECOMMENDS that Respondents' motion to dismiss be DENIED; the petition for writ of habeas corpus be GRANTED; and Respondents' request to hold proceedings in abeyance be DENIED. The court further RECOMMENDS that the notice-and-hearing requirements set forth in the preliminary injunction be dissolved.

These findings and recommendation are submitted to the United States district court judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of these findings and recommendation, a party may file written objections with the court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The court will not consider exhibits attached to the objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. The district judge may disregard any pages filed in excess of the fifteen (15) page limitation. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated:    **May 15, 2026**                    _____

                                   UNITED STATES MAGISTRATE JUDGE