UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANGELES SHAQUIRA GONZALEZ LOPEZ (A-Number: 241-239-906),

Petitioner,

v.

CHESTNUT, et al.,

Respondents.

No. 1:26-cv-01747-KES-FJS (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND (1) DENYING RESPONDENT'S MOTION TO DISMISS AND (2) GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Docs. 7, 13

Petitioner Angeles Shaquira Gonzalez Lopez is a former immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed a motion for temporary restraining order, which the Court converted to a motion for a preliminary injunction and granted. Docs. 4, 9. The Court referred the matter to the magistrate judge for further proceedings. Doc. 9.

On May 18, 2026, the magistrate judge issued findings and recommendations to grant the petition for the reasons identified in the order granting preliminary injunction and to deny respondent's motion to dismiss and request to hold the case in abeyance. Doc. 13 at 2. The magistrate judge also recommended "against incorporating the notice and hearing restraint incorporated in the preliminary injunction[.]" *Id.* at 3. Respondents filed a one-sentence

objection to the findings and recommendations based on the reasons set forth in respondents' previous briefing. Doc. 14. Petitioner filed a statement of non-opposition. Doc. 15.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review. Having carefully reviewed the entire case, the Court concludes that the findings and recommendations regarding the merits of the petition are supported by the record and proper analysis. But the Court declines to adopt the findings and recommendations to the extent they recommend denial of final injunctive relief. There remain concerns that, absent such relief, petitioner could be re-detained on the same grounds this Court rejected in ordering her release. Nor have Respondents shown that such injunctive relief, which provides for due process consistent with the claims raised in the petition, unduly burdens the government. However, the Court clarifies the scope of the injunctive relief. Respondents are prohibited from re-detaining petitioner on the grounds that she is subject to 8 U.S.C. § 1225(b), and they are prohibited from re-detaining petitioner without a pre-deprivation bond hearing based on petitioner's prior conduct. But the Order does not address the circumstances in which petitioner may be re-detained without a pre-deprivation bond hearing if she commits a criminal offense after the date of this order, or the circumstances in which she may be re-detained if she becomes subject to a final order of removal.

Accordingly,

1. The findings and recommendations issued on May 18, 2026, Doc. 13, are adopted in part;
2. Respondents' motion to dismiss, Doc. 7, is denied;
3. The petition for writ of habeas corpus is granted;
4. Respondents' request to hold proceedings in abeyance is denied;
5. If the government seeks to re-detain petitioner Angeles Shaquira Gonzalez Lopez (A-Number: 241-239-906), it shall hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. 1226(a) and its implementing regulations, at which her eligibility for bond must be considered.[1]

[1] The Order does not address the circumstances in which petitioner may be re-detained without a pre-deprivation bond hearing if she commits a criminal offense after the date of this order, or the

6. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: July 14, 2026

UNITED STATES DISTRICT JUDGE

circumstances in which respondents may re-detain petitioner if she becomes subject to a final order of removal.